## 40908. GEARY v. ADKINS et al.

DECIDED OCTOBER 23, 1964.

*Frank Fuller, Freeman R. Hardisty,* for plaintiff in error.

*Harvey & Rhodes, E. C. Harvey, Jr., Leonard W. Rhodes, W. S. Edwards,* contra.

JORDAN, Judge. The allegations of the plaintiff's petition to vacate and set aside the judgment of the Court of Ordinary of Baldwin County of April 22, 1963, disclosed that on this date the plaintiff was a voluntary patient at Milledgeville State Hospital, having been so admitted pursuant to the provisions of Section 2 of the Mental Health Act of 1960 (Ga. L. 1960, pp. 837, 839; *Code Ann.* § 88-1602); and it is contended by the plaintiff that under the provision of Section 4 of said Act (Ga. L. 1960, pp. 837, 840; *Code Ann.* § 88-1604), the Court of Ordinary of Baldwin County was without jurisdiction to entertain the petition of Ted M. Adkins which sought his involuntary committal to the Milledgeville State Hospital. With this contention we agree.

Section 4 of the Act of 1960 (supra) provides as follows: "(a) A voluntary patient who requests his or her release in writing,

or whose release is requested in writing by his or her legal guardian, parent, spouse, attorney, or adult next of kin shall be released forthwith upon receipt of such written request by the superintendent of the psychiatric hospital, except that . . .

"(3) If in his opinion the release of the patient would be unsafe for the patient or others the superintendent shall not approve the request for release and shall within three (3) days, Saturdays, Sundays and holidays excepted, after the receipt of the request for release file with the court of ordinary of the county of the patient's residence a certificate that in his opinion the release of the patient would be unsafe for the patient and others and state in the certification the facts upon which such opinion is based, a copy of such certification being given to the patient in person, and a copy being sent by registered mail to the patient's legal guardian or his attorney, parent, spouse, or adult next of kin, and the ordinary of the county of the patient's residence if the patient be a resident of the State of Georgia. Such certification shall be deemed to be a certificate of a physician and application for the involuntary hospitalization of the patient as provided for in subsection (a) of section 6 of this Act, and proceedings shall be had thereon as provided in the remaining subsections of section 6. The patient shall be confined at the same hospital or other psychiatric hospital as designated by the ordinary pending disposition of the proceedings as provided in section 6 hereof.

"(b) Notwithstanding any other provisions of this Act, proceedings for the involuntary hospitalization of an individual received by a psychiatric hospital as a voluntary patient shall not be commenced unless the release of the voluntary patient is requested as provided in subsection (a) hereof."

Clearly, under these provisions, a voluntary patient at the Milledgeville State Hospital, or any other psychiatric hospital included within the purview of the Act, can only be involuntarily hospitalized at such institution in proceedings brought in the court of ordinary of the county of the patient's legal residence upon application of the superintendent of the institution in which the patient is voluntarily hospitalized, and such proceedings can not be commenced by the superintendant until the voluntary patient has requested his release.

The allegations of the plaintiff's petition disclose that the proceedings sought to be set aside were not instituted in the court of ordinary of the county of his legal residence (DeKalb County, Ga.) by the superintendent of Milledgeville State Hospital but were besought in the Court of Ordinary of Baldwin County by one Ted M. Adkins; and under the provisions of the Act of 1960, supra, that court was without jurisdiction to order the involuntary hospitalization or committal of the plaintiff. The plaintiff's petition was thus meritorious and it was error for the superior court to dismiss it on oral motion of the defendants.

The contention of the defendants that the committal of the plaintiff by the Court of Ordinary of Baldwin County was authorized under the provisions of *Code Ann.* §§ 49-604, 49-605 is without merit. While Sec. 24 of the Act of 1960, supra, provided that Title 49 of the Code of Georgia was retained, the Act of 1960 unquestionably removed the power of the Court of Ordinary of Baldwin County to involuntarily commit to Milledgeville State Hospital a voluntary patient at said institution except in the manner expressly provided for in that Act.

The Mental Health Law of 1960, supra, and *Code Ann.* §§ 49-604, 49-605 have now been repealed and superseded by the Georgia Health Code of 1964 (Ga. L. 1964, pp. 499, 655, 658, 660).

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*